**Merrill PLASKOW, II, Plaintiff,**

v.

**PEABODY INTERNATIONAL CORPORATION and Merrill Gordon, Defendants.**

**No. 81 Civ. 6646 (WCC).**

United States District Court, S. D. New York.

Feb. 5, 1982.

David Lopez, P.C., Lawrence N. Weiss, P.C., New York City, for plaintiff.

Wilkie, Farr & Gallagher, New York City, for defendants; David G. Trachtenberg, New York City, of counsel.

## OPINION AND ORDER

CONNER, District Judge:

This is a stockholders' derivative action, Rule 23.1, F.R. Civ. P., brought by Merrill Plaskow, II, a shareholder of Peabody International Corporation ("Peabody"), to recover for the corporation short-swing profits allegedly realized by defendant Merrill Gordon ("Gordon"), a Vice President of Peabody, in violation of Section 16(b) of the Securities Exchange of 1934, 15 U.S.C. § 78p(b). Presently before the Court is the application of the parties for approval of a proposed settlement and an allowance of attorneys' fees.

The subject of this action is the purchase by Gordon of 1,183 shares of Peabody common stock through an option exercise on November 23, 1979, and his sales of an aggregate of 1,500 shares of Peabody common stock in open market transactions in August and December of 1979. As detailed in the affidavit of counsel in support of this motion, the maximum recovery that could be achieved in this action would be $5,645.12, as calculated pursuant to Rule 16(b)-6 of the Securities and Exchange Commission, 17 C.F.R. § 240.16b-6. Since the recovery in the proposed settlement—$5,645.12—represents 100% of the most advantageous result of litigation, the proposed settlement is manifestly fair, reasonable and adequate, see, e.g., *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974), and is accordingly approved.

As to the question of attorneys' fees, the affidavits of counsel indicate the following:

| Attorney | Hours | Usual Hourly Rate | Disbursements |
|----------|-------|-------------------|---------------|
| Lopez | 12¾ | $125 to $175 | $139.45 |
| Weiss | 2 | $125 to $150 | $ 26.50 |

If counsel had billed their time at $125 per hour, the lower end of the range for each, their combined charges would total $1,843.75 in fees and $165.95 in disbursements, for a total of $2,009.70. When the qualifications of counsel, the complexity of the subject matter, the results achieved and the fact that counsel were retained on a contingency basis are also considered, a fee request above this figure would ordinarily not be inappropriate. However, in view of the relatively small amount of money at issue, counsel have conscientiously limited their combined fee request to $1,500 in fees and $125 in disbursements. The Court finds such an award to be reasonable and directs that counsel are to receive the amount of $1,625 from the recovery on behalf of Peabody shareholders.

Finally, Court approval of this settlement and the award of counsel fees comes without the hearing and notice to shareholder ordinarily required by Rule 23.-1, F.R. Civ. P., and Civil Rule 5 of this Court. Following the reasoning of Judge Pollack of this Court in *Blau v. Berkey and Berkey Photo, Inc.,* CCH Fed. Sec. L. Rep. ¶ 92,264 (1967–1969 Decisions) (S.D.N.Y. 1968), this Court is persuaded to waive these requirements in this action because:

(1) the recovery represents collection in full,

(2) the attorneys' fees requested are manifestly fair and reasonable, and

(3) most importantly, in view of the small amount at issue, the recovery would likely be substantially, if not entirely, depleted by the direct and incidental costs of notice and a hearing.

### Conclusion

For these reasons, the proposed settlement is approved and plaintiffs' counsel are awarded combined fees and disbursements totaling $1,625.00.

SO ORDERED.